
# Chimicles & Tikellis LLP
ATTORNEYS AT LAW

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly Donaldson Smith
Joseph G. Sauder
Matthew D. Schelkopf
Timothy N. Mathews
A. Zachary Naylor *
Christina Donato Saler
Benjamin F. Johns
Alison G. Gushue
Scott M. Tucker *
Tiffany J. Cramer *
Vera V. Gerrity
Daniel C. Herr *

OF COUNSEL
Morris M. Shuster
Anthony Allen Geyelin
David M. Maser

*Attorneys admitted to Jurisdiction other than PA

January 5, 2012

**VIA ECF**

Honorable Faith S. Hochberg
United States District Court for the
 District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *Stewart, et al. v. Samsung Electronics America, Inc.*
           Case No. 2:10-cv-05096-FSH-PS

Dear Judge Hochberg:

     We understood from Your Honor at the December 14, 2011 Hearing that the parties were going to finalize the settlement we negotiated for approval before this Court, and sever and arbitrate the fee issue. We accordingly followed the Court's directives to, *inter alia*, propose by January 4, 2012, the mechanism and potential arbitrators for such an arbitration. As is clear from Mr. Assuncao's letter yesterday (Dkt. Entry No. 114), Samsung never intended to abide by the Court's instructions at the Hearing. Just as it did on the eve of a Hearing before Magistrate Judge Shwartz on August 4, 2011, rather than fulfilling its obligations to the Court, Samsung has announced that in light of yet another eleventh-hour settlement with a firm (that only recently filed an action against Samsung), it can now flout the Court's directives. Samsung's bad faith before this Court should not be ignored. In addition, and as set forth below, we disagree with several of the characterizations and statements contained in Mr. Assuncao's letter, and do not agree that it is appropriate to continue the discovery stay under the circumstances.

WILMINGTON OFFICE
222 Delaware Ave, Suite 1100
Wilmington, Delaware 19801
Telephone: (302) 656-2500
Telecopier: (302) 656-9053

Honorable Faith S. Hochberg
January 5, 2011
Page 2

*First,* as we indicated in our letter to the Court, we tried to contact Mr. Assuncao to determine Samsung's position on the extent to which the substantive terms of the New Jersey Term Sheet are still in effect, and to discuss our respective responses that were due yesterday. We never received a response; just the letter sent to Your Honor yesterday afternoon.

*Second,* Mr. Assuncao's statement that plaintiffs' counsel in the *Russell* action "advised" plaintiffs' counsel in this case "regarding the settlement" is misleading at best. While we have spoken with plaintiffs' counsel in that case about their being contacted by Samsung in order to discuss a potential settlement with Samsung, Mr. Assuncao's letter to this Court was the very first time we learned that a settlement had been executed. Moreover, we never learned from Samsung (or plaintiffs' counsel in *Russell*) that a two-day mediation was scheduled or had occurred, nor were we or any of our clients invited to participate.

*Third,* Mr. Assuncao's request to further stay discovery should be denied. When Samsung first notified this Court of the proposed settlement in the *Carmichael* case in California, Magistrate Judge Shwartz denied its request to stay discovery in this case until and unless an order preliminary approving the settlement has been entered. *See* Docket Entry No. 74. *See also* Exhibit A at pages 12-15 (transcript of the August 4, 2011 hearing).

*Fourth,* consistent with Magistrate Judge Shwartz's prior order, the New Jersey plaintiffs' duties to the Class, and in light of Mr. Assuncao's claim that the nationwide *Russell* settlement reached in a state court will "subsume[]" this case, Plaintiffs believe expedited discovery regarding this development is necessary. Indeed, when Samsung produced the *Carmichael* settlement documents pursuant to Magistrate Judge Shwartz's Order, it became apparent that the benefits of the *Carmichael* settlement were less than the minimum benefits we had negotiated. This discovery should include, at a minimum, a copy of the executed term *Russell* term sheet and all exhibits thereto, a copy of all documents exchanged at and prior to the *Russell* mediation, any litigation and/or confirmatory discovery in that case, and all documents related to those negotiations. Samsung presumably has ready access to these documents and – as it did with the *Carmichael* settlement documents – can produce many of them on a real time basis. We need these documents so we can review them with the named plaintiffs in this case (including those who traveled across the country to participate in the December 14 hearing), and to meaningfully evaluate our next steps.

Honorable Faith S. Hochberg
January 5, 2011
Page 3

*Finally,* notwithstanding this surprising development, we are still prepared to go forward with the fee arbitration as described in our letter submitted to Your Honor yesterday. In the alternative, Plaintiffs respectfully request that the Court schedule a status conference at Your Honor's earliest convenience.

        Respectfully,

        */s/ Steven A. Schwartz*
        Steven A. Schwartz
        */s/ Benjamin F. Johns*
        Benjamin F. Johns
        Chimicles & Tikellis LLP
        One Haverford Centre
        Haverford, PA  19041

cc:    All Counsel of Record (via ECF)