FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY** MAY 2 9 2012
**STATE OF OKLAHOMA**

PATRICIA PRESLEY, COURT CLERK
by _____
~~DEPUTY~~

| | | |
|---|---|---|
| RYAN RUSSELL and PHILIP BOURNE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | CASE NO.  CJ-2011-7260 |
| v. | § § | |
| SAMSUNG ELECTRONICS AMERICA, INC. | § § § | |
| Defendant. | § § | |

**FINAL JUDGMENT**

This matter having come before the Honorable Barbara Swinton for hearing on May 18, 2012, pursuant to the Order of this Court, dated February 2, 2012 and filed February 3, 2012 preliminarily approving the settlement set forth in the Stipulation and Agreement of Compromise and Settlement dated January 4, 2012; and it appearing that due and adequate notice has been given to the Settlement Class substantially in the form approved by the Court; and the Court having considered all papers filed and proceedings had herein, Class Counsel's *in camera* submissions, the objections made by Class Members, statements made by counsel at the hearing held on May 18, 2012; and good cause appearing for the making and granting of this Judgment:

**IT IS HEREBY ADJUDGED AND DECREED THAT:**

1.    The Judgment incorporates by reference the definitions in the Stipulation and Agreement of Compromise and Settlement dated January 4, 2012 (the "Stipulation") between Plaintiffs and Samsung Electronics America, Inc. ("SEA"), and attached hereto as Exhibit A. All terms used herein shall have the same meanings as set forth in the Stipulation unless set forth

1

differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if fully set forth herein.

    2.      The Court has jurisdiction over the subject matter of this action and all parties to the action, including all Class Members.

    3.      Pursuant to Okla. Stat. tit. 12 § 2023 (C), the Court hereby certifies the following settlement Class:

> The "Class" consists of and is, hereinafter, defined as all end user consumers in the United States who, prior to the date of this Settlement Agreement, purchased, acquired or otherwise owned certain Samsung-brand TVs manufactured between January 1, 2006 and December 31, 2008 which contain specific types of capacitors and: (i) exhibited a Covered TV Symptom(s) prior to the date of the Class Notice; or (ii) exhibits a Covered TV Symptom(s) within 18 months of the date of the Class Notice ("Settlement TVs"). The specific models of Televisions, which are identified in the Class Notice, are:
>
> **LCDs:**    LNT******/XAA;    LN**A******XZA;    LNS4041DX/XAA; LNS4051DX/XAA; LNS4052DX/XAA; LNS5296DX/XAA
>
> **PDPs:** HPT5034X/XAA; HPT5044X/XAA; HPT5054X/XAA; HPT5064X/XAA; PN42A410C1DXZA;    PN42A450P1DXZA;    PN50A410C1DXZA; PN50A450P1DXZA; PN50A460S4DXZA
>
> **DLPs:**    HLT5087SAX/XAA;    HLT5087SX/XAA;    HLT5089SAX/XAA; HLT5089SX/XAA;    HLT5687SAX/XAA;    HLT5687SX/XAA; HLT5689SAX/XAA;    HLT5689SX/XAA;    HLT6187SAX/XAA; HLT6187SX/XAA; HLT6189SAX/XAA; HLT6189SX/XAA

Excluded from membership in the Class are the following: (a) SEA or its affiliates, including SEA employees and immediate family members; (b) retailers, wholesalers and other middlemen who purchased a Settlement TV for commercial use or resale; (c) any claims aggregator or person or entity who claims to be an assignee of rights associated with any of the Settlement TVs; and (d) persons who have timely and validly excluded themselves from the Class.

4.      Pursuant to Okla. Stat. tit. 12 § 2023 (C), all Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, as Class Members are bound by this Judgment.

5.      The Plaintiffs' Unopposed Motion to Add Additional Class Representative is hereby GRANTED and Eric Chodun is hereby added as an additional Class Representative.

6.      Pursuant to Okla. Stat. tit. 12 § 2023 (A), the Court finds that Class Representatives Ryan Russell, Philip Bourne, and Eric Chodun are members of the Class, that their claims are typical of the Class, and that they fairly and adequately protected the interests of the Class throughout the proceedings in the Action.

7.      The Court finds that the Class meets all requirements of Okla. Stat. tit. 12 § 2023 (A) and (B) for certification of the class claims alleged in the Action, including (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representatives and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority.

8.      Having considered the factors set forth in Okla. Stat. tit. 12 § 2023 (F), the Court finds that Class Counsel have fairly and adequately represented the Class for purposes of entering into and implementing the settlement, and thus hereby appoints Class Counsel Federman & Sherwood to represent the Class Members.

9.      No Class Member has filed a valid request for exclusion ("Opt-Outs").

10.      The Court directed that Class Notice be given to Class Members pursuant to the form and procedure for disseminating notice as set forth in the Stipulation. In accordance with the Court's Preliminary Approval Order, Samsung Electronics America, Inc. caused the Notice and Summary Notice to be disseminated by electronic mail, newspaper, a settlement website and a toll-free number. The Notice is attached as Exhibit B to this Judgment and the Summary Notice

is attached as Exhibit C to this Judgment (collectively, the "Class Notice"). The Declaration of Jeong Hwan On, attesting to the dissemination of the Class Notice, demonstrates compliance with the Court's Preliminary Approval Order. The Class Notice advised Class Members of the terms of the settlement; the Settlement Hearing, and their right to appear at the Settlement Hearing; their rights to remain in, or opt out of, the Class and to object to the settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

11.     The distribution of the Class Notice constituted the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Okla. Stat. tit. 12 § 2023 (C) and the Due Process Clause of the United States Constitution.

12.     Pursuant to Okla. Stat. tit. 12 § 2023 (E), the Court finds after a hearing and based upon all submissions of the parties and pleadings filed herein as well as submissions by other interested persons, including objections filed with the Court, the settlement proposed by the parties is fair, reasonable and adequate. The terms and provisions of the Stipulation were the product of good faith arms-length negotiations among experienced counsel. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the parties, and will further the interests of justice.

13.     All Class Members who have not timely and validly filed opt-outs are thus Class Members and bound by the Judgment and the terms of the Stipulation.

14.     None of the settlement, this Judgment, nor the fact of the settlement constitutes any admission by any of the parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action.

15.     The Court has considered the submissions by the parties and all other relevant factors involving the prosecution of claims on behalf of the Class pursuant to Okla. Stat. tit. 12 § 2023 (G). Class Counsel initiated the Action on behalf of the Plaintiffs and acted to protect the Class. Their efforts have produced the Stipulation entered into in good faith that provides a fair, reasonable, adequate and certain result for the Class. Class Counsel submitted detailed time and billing records to the Court *in camera.* In determining the amount of attorneys' fees to award Class Counsel, the Court has reviewed Class Counsel's and Abington Cole's detailed time and billing records, the submissions of the parties, the statements made by counsel at the hearing on May 18, 2012, and the factors set forth in *Burk v. Oklahoma City*, 1979 OK 115, 598 P.2d 659, 662. The Court finds that Class Counsel's requested hourly rate is reasonable and that, because of the time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes, a multiplier of approximately 2.0 is an appropriate enhancement. The Court hereby awards Class Counsel $475,000 in attorneys' fees and expenses.

16.     The Class Representatives are entitled to an incentive award of either: (i) a new SEA television of the same or comparable model presently owned by such Class Representatives; or (ii) $750, at the Class Representatives' election, for time and expense involved in this matter.

17.     The Court hereby dismisses the Action with prejudice, and all Released Claims against each and all Released Persons, and without costs.

18.    Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.

19.    The Court finds that no reason exists for delay in ordering final judgment pursuant to Okla. Stat. tit. 12 § 681 and hereby directs the Clerk to enter this Judgment forthwith.

20.    The parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including the forms to be used in the claims process, that are consistent with this Judgment and do not limit the rights of the Class Members under the Stipulation.

**IT IS SO ORDERED.**

DATED: May 29th, 2012

**BARBARA SWINTON**

Hon. Barbara Swinton

APPROVED AS TO FORM:

William B. Federman, OBA#2853
Jennifer F. Sherrill, OBA#19703
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK  73120
Telephone:  (405) 235-1560
Facsimile:  (405) 239-2112
Emails:  wbf@federmanlaw.com
          jfs@federmanlaw.com

-and-

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the District Court Clerk's Office of Oklahoma County, Okla., this _____ day of _____, 20__

PATRICIA PRESLEY, Court Clerk

By _____  Deputy

Cornelius P. Dukelow, OBA#19086
Abington Cole
320 S. Boston Avenue, Suite 1705
Tulsa, OK  74103
Telephone/Facsimile:  (918) 588-3400
Email:  cdukelow@abingtonlaw.com

ATTORNEYS FOR PLAINTIFF,
RYAN RUSSELL and PHILIP BOURNE


Patrick M. Ryan, OBA#7864
Phillip G. Whaley, OBA#13371
Chance L. Pearson, OBA#22269
Ryan Whaley Coldiron Shandy PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 239-6040
Facsimile:  (405) 239-6766
Emails:  pryan@ryanwhaley.com
         pwhaley@ryanwhaley.com
         cpearson@ryanwhaley.com

-and-

Robert A. Assuncao
Ansa Assuncao, LLP
Two Tower Center Blvd., Suite 1600
East Brunswick, NJ  08816
Telephone:  (732) 993-9860
Email:  robert.assuncao@ansalaw.com

ATTORNEYS FOR DEFENDANT,
SAMSUNG ELECTRONICS AMERICA, INC.

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

RYAN RUSSELL and PHILIP BOURNE,       )
Individually and behalf of all        )        No. CJ-2011-7260
others similarly situated,            )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )
                                      )
SAMSUNG ELECTRONICS AMERICA,          )
INC.,                                 )
                                      )
            Defendants.               )

## STIPULATION AND AGREEMENT
## OF COMPROMISE AND SETTLEMENT

This Stipulation and Agreement of Compromise and Settlement (hereinafter the "Settlement Agreement") is made and entered into as of this 4rd day of January 2012, by and among the representatives of the "Class," as hereinafter defined, and Samsung Electronics America, Inc. ("SEA") (collectively, "Parties");

WHEREAS, on October 17, 2011, Plaintiffs Ryan Russell and Philip Bourne filed the above captioned putative Class Action Petition against SEA and Samsung Electronics Co., Ltd., in the District Court of Oklahoma County, State of Oklahoma, on behalf of themselves and all others similarly situated who reside in Oklahoma. On December 29, 2011, Plaintiffs filed a First Amended Class Action Petition (the "Amended Class Action Petition") on behalf of themselves and all other similarly situated members of a putative nationwide class consisting of all end user consumers in the United States, and seeks economic damages and other relief relating to their purchase of certain Samsung televisions (the "Action"). The Amended Class Action Petition asserts that the televisions contain a certain defect in a component known as a capacitor that may malfunction and



EXHIBIT
A

fail prematurely (the "Capacitor Issue"). The Amended Class Action Petition asserts that the Capacitor Issue can cause the televisions to experience symptoms such as not turning on, experiencing a significant delay in turning on, making a clicking sound, cycling on and off, or other similar problems (the "Covered TV Symptom(s)"). The Amended Class Action Petition in the Action thereupon asserted causes of action for: (1) breach of express warranty and (2) breach of implied warranty. Plaintiffs dismissed defendant Samsung Electronics Co., Ltd., ("SEC"), without prejudice, after obtaining information from defendants about the interrelationship of SEC and SEA as well as the nature of each companies business, responsibility for compliance with the terms of the proposed settlement and contacts in the United States.

WHEREAS, the "Class Representatives" are, collectively, Ryan Russell and Philip Bourne, each of whom allege that they purchased, acquired or otherwise owned a "Settlement TV" (as defined below) and are members of the "Class" (as defined below);

WHEREAS, SEA has appeared in the Action and has been duly served with the Class Action Petition and the Amended Class Action Petition. Defendant SEC has not been served with the Class Action Petition or the Amended Class Action Petition. On January 3, 2012, Plaintiffs filed a notice dismissing the Action against SEC;

WHEREAS, SEA denies that it has violated any laws, contracts or statutes, breached any express or implied warranties, or occasioned any damages to consumers, in connection with the advertising, marketing, manufacturing, and/or sale of the Settlement TVs, and asserts that it could successfully defend against the claims asserted in the Action;

WHEREAS, the Class Representatives and SEA have determined to resolve and finally settle the claims that have been brought and could have been brought in the Action on the following terms (the "Settlement"), which all Parties and their counsel believe are fair, adequate and reasonable to the Class;

WHEREAS, prior to the date of this Action, SEA claims that it had already

2

identified the issue that is the subject matter of the Action and further claims that it voluntarily implemented a program that had provided actual and ongoing relief to address such issue;

WHEREAS, "Class Counsel" (as defined below) and "SEA's Counsel" (as defined below) have exchanged documents and information underlying the allegations in the Action, and have engaged in extensive arm's length negotiations, including their participation in a significant mediation of the final terms of the Agreement under the supervision and direction of Hon. Edward C. Cunningham, a retired Oklahoma District Judge (the "Mediator"), on December 28 and 29, 2011;

WHEREAS, "Class Counsel" shall mean the law firm of Federman & Sherwood;

WHEREAS, "SEA's Counsel" shall mean the law firm of Ansa Assuncao, LLP and;

NOW, THEREFORE, in consideration of the promises and the covenants and agreements set forth below, the Parties hereby agree, subject to Court approval, as follows:

1.    **Scope of the Class**

The "Class" consists of and is, hereinafter, defined as all end user consumers in the United States who, prior to the date of this Settlement Agreement, purchased, acquired or otherwise owned certain Samsung-brand TVs manufactured between January 1, 2006, and December 31, 2008, (specific models of which are identified in the Class Notice) which contain specific types of capacitors and: (i) exhibited a Covered TV Symptom(s) prior to the date of the Class Notice; or (ii) exhibits a Covered TV Symptom(s) within eighteen (18) months of the date of the Class Notice ("Settlement TVs").   Excluded from membership in the Class are the following: (a) SEA or its affiliates, including SEA employees and immediate family members; (b) retailers, wholesalers, and claims aggregators or persons or entities who claim to be an assignee of

3

rights associated with any of the Settlement TVs; and (c) persons who timely and validly opt to exclude themselves from the Class. The Parties hereto agree that the Court may properly certify this matter as a nationwide class action only for settlement purposes pursuant to Okla. Stat. tit. 12 § 2023 and that such a class may be comprised of those persons defined as the Class.

2.     **Settlement Relief**

    **A.**     **For Class Members Whose Settlement TVs Exhibit a Covered TV Symptom(s) within the Settlement Warranty Period:**

        (i)     SEA will provide a free service visit ("Free Evaluation") for Qualifying Televisions (defined below in Section (iv)) to determine if the Television has a Capacitor Issue.

        (ii)     If the Free Evaluation determines there is a Capacitor Issue, SEA will provide a warranty (the "Settlement Warranty") that covers the subject capacitors in the Settlement TVs but not other unrelated problems for eighteen (18) months from the date of the Class Notice per Section 6, below (the "Settlement Warranty Period").

        (iii)     If confirmatory discovery demonstrates that the Covered TV Symptoms can lead to damage of the power supply board ("PSB"), and a SEA-authorized service personnel ("Authorized Service Personnel" or "ASP") determines that a Class Member's PSB needs to be replaced, the Settlement Warranty will cover said replacement of the PSB as well.

        (iv)     To be considered a Qualifying Television eligible for the Free Evaluation:

            (a)     Class Members' Settlement TVs must exhibit a Covered TV Symptom(s) within the Settlement Warranty Period;

            (b)     Class Members must first contact SEA claims

administration ("SCA") within the Settlement Warranty Period;

(c)   Class Members must satisfy reasonable screening criteria designed to distinguish between Settlement TVs eligible for the Free Evaluation and Settlement TVs that are not eligible for the Free Evaluation. SCA personnel ("SCAs") shall be trained to obtain information to determine eligibility from Class Members. Class Members need not specifically reference this class action settlement or specifically claim a capacitor problem in order to qualify for a Free Evaluation. In developing the screening criteria, and subject to confirmatory discovery, the parties will take into consideration complaints, such as, the TV is not turning on, or is experiencing a significant delay in turning on, or is making a clicking sound, or is cycling on and off, or other similar information. Part of the purpose of such criteria is to ensure that time and resources are not wasted in making costly service visits for problems that are not a Capacitor Issue. The Parties shall exercise good faith in developing a list of questions and protocols that SCAs shall utilize to screen claims according to the agreed to criteria; and

(d)   Class Members do not have to submit any claim form or affect any registration (but SCAs will allow for registration for Class Members who want the comfort of getting on a list beginning at the time Class Notice is disseminated).

(v)   If a Class Member qualifies for a Free Evaluation and the Free

5

Evaluation verifies a Capacitor Issue, SEA will fix the Settlement TV by replacing the subject capacitors (plus the PSB, if necessary due to the Capacitor Issue), and warrant that fix for the greater of one (1) year or the remainder of the Settlement Warranty Period.

(vi)   If a Class Member qualifies for a Free Evaluation but the Free Evaluation does not verify a Capacitor Issue, SEA will nonetheless replace the subject capacitors at no cost to the Class Member.  If that does not fix the Settlement TV, the Class Member will be afforded the opportunity (but not the obligation) to pay the Authorized Service Personnel to attempt to fix the Settlement TV at the Class Member's expense.

(vii)   If a Class Member does not meet the screening criteria agreed to per Section 2(A)(iv)(c) above but otherwise contacts SEA about a Settlement TV within the Settlement Warranty Period, the Class Member shall be given the option of having an ASP make a Free Evaluation visit; provided, however, that such a Class Member shall be notified that he or she will be charged for the visit if the ASP is unable to verify a Capacitor Issue.

(viii)   SEA shall provide Class Counsel a monthly report regarding Class Members who contacted SEA or an ASP but are determined by SEA or the ASP not to meet the screening criteria to permit Class Counsel an opportunity to monitor compliance with the agreed-upon screening criteria and if necessary, assist Class Members in resolving disputes regarding compliance with the Settlement.

(ix)   If the Settlement becomes "Final" (see definition of "Effective Date" below in Section 16), SEA shall provide reimbursement for any charge paid, prior to the date of the Class Notice, by such Class Members to television repair personnel for the purpose of evaluating or attempting to diagnose their Settlement TV.   Reimbursement shall occur only upon the Class Member's

6

submission, within one (1) year of the date of the Class Notice, of reasonable proof that the Settlement TV had a Covered TV Symptom(s) (*e.g.*, receipt, bill, cancelled check or credit card charge, correspondence, verification from repair provider) up to a maximum of one hundred fifty dollars ($150) per Settlement TV.

       (a)  If you submit reasonable proof, within one year of the date of the Class Notice, that the Settlement TV had a Covered TV Symptom(s), and:

            1.  such submission occurred **before** the Effective Date, reimbursement shall be made within ninety (90) days after the Effective Date.

            2.  such submission occurred **after** the Effective Date, reimbursement shall be made within ninety (90) days after SEA's receipt of that reasonable proof.

       (x)     For those Class Members who undergo a repair within the Settlement Warranty Period, but subsequently submit reasonable proof that the Settlement TV requires a second repair of a Capacitor Issue during the Settlement Warranty Period, SEA shall provide a one-time cash or cash equivalent payment of fifty dollars ($50.00) to any of these Class Members.

      **B.**     **For Class Members (i) Who Have Possession of Settlement TVs and (ii) prior to the date of the Class Notice, Paid an Out-of-Pocket Cost to Have the Settlement TV Repaired due to the Capacitor Issue:**

       (i)     If the Settlement becomes "Final" (see definition of "Effective Date" below in Section 16), SEA will reimburse the out-of-pocket cost paid by the Class Member to repair a Capacitor Issue in a Settlement TV. The out-of-pocket cost must have been paid by the Class Member before the date of the Class Notice. The reimbursement shall be up to a maximum of one hundred fifty dollars ($150) per

Settlement TV, except, if the repair included replacing a PSB, the reimbursement shall be up to a maximum of three hundred dollars ($300) per Settlement TV. For those Class Members who, before Class Notice, incurred out-of-pocket costs to ship their Settlement TV for a repair of a Capacitor Issue, the reimbursement shall be up to a maximum of one hundred fifty dollars ($150) per Settlement TV;

   (ii) To obtain Settlement Relief B, Class Members must:

     (a) submit a Claim Form (signed under penalty of perjury, but not notarized) (subject to Section 7 below) within one (1) year of the date of the Class Notice;

     (b) attach reasonable documentary proof to the Claim Form, of the shipment of their Settlement TV for a repair of a Capacitor Issue (if applicable) or a repair for a Capacitor Issue in a Settlement TV (*e.g.*, receipt, bill, cancelled check or credit card charge, correspondence, verification from repair provider), which occurred prior to the date of the Class Notice; and

     (c) SEA, at its option, may take reasonable steps to verify that the repair was related to the Capacitor Issue, however, documentary proof of a replacement of capacitors or of a PSB shall be deemed a Capacitor Issue for purposes of Settlement Relief.

   (iii) If you submit a Claim Form within one year of the date of the Class Notice, and:

     (a) such submission occurred **before** the Effective Date, reimbursement shall be made within ninety (90) days after the Effective Date.

     (b) such submission occurred **after** the Effective Date, reimbursement shall be made within ninety (90) days after SEA's receipt of that reasonable proof.

C. **For Class Members Who No Longer Have Possession of Settlement TVs As of the Date of the Class Notice:**

(i)    SEA will provide a three hundred dollar ($300) fully transferable debit card or other cash equivalent if all of the following conditions are met:

(a)    SEA verifies through a search of its records or such Class Members provide reasonable documentation that, before the date of the Class Notice, they made a complaint to SEA, or an Authorized SEA Service Center, or a professional television repair service, about a Covered TV Symptom(s);

(b)    SEA verifies through a search of its records or such Class Members provide reasonable documentation that they purchased a Settlement TV;

(c)    Such Class Members submit a Claim Form (signed under penalty of perjury, but not notarized), along with the documentation referenced in (a) and (b) (to the extent SEA is unable to verify (a) and (b)), within three (3) months of the date of the Class Notice that includes, but is not limited to, a narrative under oath, explaining the date on which the Settlement TV was discarded, to whom it was discarded and whether the Settlement TV was replaced with another TV; and

(d)    SEA's records do not reflect that SEA previously offered or previously provided such Class Member a free repair to a Settlement TV.

(ii)   If you submit a Claim Form (and documentation referenced in (a) and (b), if applicable) within one year of the date of the Class Notice, and:

(1)    such submission occurred **before** the Effective Date, reimbursement shall be made within ninety (90) days after the Effective Date.

(2)    such submission occurred **after** the Effective Date, reimbursement shall be made within ninety (90) days after SEA's receipt of that reasonable proof.

3.    **Confirmatory Discovery.**

The Parties agree to provide, in good faith, the Confirmatory Discovery necessary to reliably confirm: (i) the scope of the Capacitor Issue and that the Capacitor Issue has been fixed; (ii) the appropriate definition of the Class; (iii) that the terms and notice/claims administration process set forth herein are fair, reasonable and adequate under the circumstances; (iv) that SEA has the resources and capacity to make the repairs; and, (v) that the Class Notice satisfies the requirements of 12 O.S.2001 § 2023. Settlement is contingent upon Class Representatives' confirmation through such discovery of material factual representations made by SEA during settlement negotiations and completion of Confirmatory Discovery.  The Class Representatives will have a reasonable amount of time from the date of this Settlement Agreement in which to complete their Confirmatory Discovery.

4.    **Incentive Award for Class Representatives**

A.    Subject to Court approval, and subject to SEA's confirming that the proposed Class Representative has a Settlement TV with a Capacitor Issue, SEA shall provide each of the Class Representatives with either: (i) a new SEA television of the same or comparable model presently owned by such Class Representatives; or (ii) $750, at the Class Representatives election, for time and expense involved in this matter.

B.    Such relief shall be in addition to the Settlement Relief the Class Representatives qualify for with respect to their current Settlement TVs.

5.    **Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing**

As soon as practicable after the execution of the Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall apply for entry of an order (the "Order of Preliminary Approval and Publishing of Notice of a Final

Fairness Hearing"), in the form attached hereto as Exhibit A, or an order substantially similar to such form, requesting, *inter alia*,

(a) certification of the Settlement Class for settlement purposes only pursuant to Paragraph 1;

(b) preliminary approval of the Settlement as set forth herein; and

(c) approval of the publication of a customary form of summary notice (the "Summary Notice") in the form attached hereto as Exhibit B, and a customary long form of notice ("Class Notice") in the form attached hereto as Exhibit C, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt out of the Settlement, the process and instructions for making a claim, and the date, time, and place of the Final Fairness Hearing.

6.   **Class Notice and Administration of the Settlement**

A.   SEA will bear all costs of settlement administration. SEA will use its internal resources, and/or an external claims administrator approved by Class Counsel (such approval not to be unreasonably withheld), in the claims and fulfillment processes required by the Settlement, providing reports to Class Counsel as reasonably requested. Class Counsel shall have the right to audit and monitor the claims administration process as reasonably necessary, and shall be entitled to periodic reports from SEA concerning the claims administration process and claims made by Class Members.

B.   SEA will bear all costs of notice to the Class. The Class Notice will, *inter alia*, provide that Class members will have thirty (30) days within which to opt out of or object to the Settlement. SEA will send direct written notice by either email or U.S. Post, at its option, to all consumers who purchased the Settlement TVs or received them as gifts and for whom it has obtained contact information from its database or for whom Class Counsel has provided contact information within thirty (30) days of the Court's

order granting Preliminary Approval of the Settlement. If SEA learns or receives notice that the Class Members email was not received or that delivery of such notice failed SEA shall then attempt to serve notice via U.S. Mail if it has such contact information. SEA will also build and host a website to provide information on the Settlement, information on the Settlement Warranty, and the claims process which shall be live for the duration of the Settlement Warranty (the "Settlement Website"). SEA will place a link to the Settlement Website on the Samsung USA website until the Effective Date. SEA will further cause a Summary Notice of Settlement to be published once in the national edition of USA Today of no larger than one-eighth of a page.

7.    **General Claims Processing Guidelines**

A.     Each Claim Form provided under this Settlement Agreement shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Settlement Agreement the extent, if any, to which each Claim shall be allowed, subject to review by the Court.

B.     Claim Forms that do not meet the submission requirements shall be rejected. Before rejection of a Claim Form, the Claims Administrator shall communicate with the Class Member who submitted the form to allow the Class Member to remedy curable deficiencies in Claim Forms that are submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Class Members, whose Claim Forms the Claims Administrator proposes to reject in whole or in part, of the deficiencies via mailing of a post card notification, and shall allow the Class Member thirty (30) days from the date of the mailing of such notice to correct the deficiencies. If the deficiencies are not corrected within the thirty (30) day period, the Claims Administrator shall reject the claim with prejudice.

C.     If any Class Member whose claim has been rejected, in whole or in part, desires to contest such rejection, the Class Member may, within thirty (30) days from the

date of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Class Member's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. Class Members may also choose to submit the dispute, or any other dispute regarding the terms of the Settlement Agreement, to the Alternative Dispute Resolution Unit of the Division of Consumer Affairs of the State of New Jersey, Office of the Attorney General. For those Class Members who: 1) seek to arbitrate their rights under the settlement with the New Jersey Attorney General; 2) obtain a favorable arbitration award, and; 3) seek to enforce that arbitration award in court, SEA shall be responsible for all costs charged by the Office of the New Jersey Attorney General for any ADR proceeding as described above and will reimburse those Class Members for all court filing fees they incur.

D.      SEA's provision of benefits pursuant to this Settlement Agreement shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be bound by all of the terms of this Settlement Agreement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the "Released Parties" (as defined below) concerning the "Released Claims" (as defined below).

8.      **Attorney's Fees**

SEA agrees to pay to Class Counsel, Federman & Sherwood, subject to the Court's approval, an amount of four hundred and seventy-five thousand dollars ($475,000.00), which is inclusive of attorney's fees, costs, expenses, and any other disbursements (the "Counsel Fees and Expenses") relating to their representation of the Class in the prosecution of the Action. SEA shall not oppose Class Counsel's application to the Court for approval of that amount and Class Counsel will not seek or accept any larger award for Counsel Fees and Expenses. Within thirty (30) days of the Court's

execution of the Preliminary Approval Order, SEA agrees to place the Counsel Fees and Expenses into an escrow account to be controlled by SEA's Counsel. The funds will remain in escrow until the Effective Date. If the Court approves the Counsel Fees and Expenses, then the funds held may be paid within ten (10) business days of the Effective Date. Payment shall be made in accordance with wire instructions to be provided to SEA by Class Counsel. If the Court does not approve the Counsel Fees and Expenses, then the funds will be paid and/or disbursed in accordance with the instructions of the Court.

9.      **Opting Out of The Class**

Each Class Member may, at his or her option, elect to opt out of the Settlement Agreement described herein. Any Class Member who wishes to opt out of the Class must do so in writing by mailing a request for exclusion to the Claims Administrator. Each such person must submit or postmark his or her request to opt out of the Class within thirty (30) days of the later of the mailing of the Class Notice or publication of the Summary Notice. The request to opt out must be signed by the person seeking to opt out and must set out the person's first and last names, address, email address, telephone number and proof of purchase of a Settlement TV. All requests for exclusion that fail to satisfy the requirements of this section, as well as any additional requirements as the Court may impose, shall not be effective. Any Class Member opting out may not be allowed to rescind or revoke such decision, without the approval of the Parties and the Court. Any Class Member who does not properly and timely submit a request for exclusion as required herein shall be deemed to have waived all rights to opt out and shall be deemed a member of the Class for all purposes under this Settlement Agreement.

10.     **Release and Covenant Not To Sue**

A.      As of the Effective Date, and in consideration of this Settlement Agreement and the benefits extended to the Class, SEA and each of its present and

14

former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives, specifically including, but not limited to, Samsung Electronics America, Inc. and all of its parents, subsidiaries, affiliates, officers, directors, agents, and authorized SEA and Settlement TV distributors and retailers (collectively, the "Released Parties"), shall be released and forever discharged by the Class Representatives, for themselves and as the representatives of each Class Member, and each Class Member on behalf of himself or herself and their respective present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives, from claims or causes of action that have been, might have been, are now, or could have been brought arising from or related to the Capacitor Issue in the Settlement TVs or otherwise alleged in the Amended Class Action Petition in the Action, whether in law or equity, whether seeking damages or any other relief (including attorneys' fees and expenses), of any kind or character, known or unknown, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including, without limitation, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, and false advertising law of the United States or any state or other jurisdiction within the United States, including, but not limited to, any claims relating to the alleged diminished value of or need to replace a Settlement TV (the "Released Claims"). Excluded from the Released Claims are any and all claims for personal injury or physical property damage.

B.     The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Class Members do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement. With respect to the Released Claims only, the Class Members stipulate and agree that, upon the Effective Date, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, whether in tort, contract, or for violation of any state or federal statute, rule, or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution hereof, without regard to the subsequent discovery or existence of such different or additional

facts.

      C.      Upon the Effective Date, Plaintiffs will cause the dismissal with prejudice of the Action.

## 11.    Confidentiality and Non-Disparagement; Denial of Liability; Not Admissible As Evidence

      The existence and terms of this Settlement Agreement shall be kept confidential until such time as it is presented to the Court for Preliminary Approval. No discussions regarding the Settlement shall be had with the media or on the Internet, including any disparagement of SEA or description of this Settlement as a recall. Nothing herein shall prevent Class Counsel from observing their duty of full candor to the Court, or from advising their clients and Class Members regarding their rights and options under the Settlement Agreement. All Parties understand and agree that this Settlement Agreement constitutes a compromise, resolution, and settlement of the disputed claims to avoid the uncertainty, time, trouble, and expense of litigation. All Parties understand and agree that this Settlement Agreement does not constitute and shall not be taken or construed as an admission of liability on the part of SEA or any of the Released Parties, but rather, such liability has been and is expressly denied. It is further understood and agreed that this Settlement Agreement shall not be taken or used, nor shall this Settlement Agreement be admissible in evidence, in any action, cause of action, or proceeding, except in an action to enforce the terms of this Settlement Agreement. The Class does not concede any infirmity or weakness in their claims. SEA does not concede any infirmity or weakness in its defenses or its products.

## 12.    Legal Counsel

      The Parties acknowledge that they have been represented by counsel of their own choice throughout all negotiations which preceded the execution of this Settlement

Agreement and that this Settlement Agreement was executed with the consent and on the advice of such legal counsel. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any part of it.

13.   **Entire Agreement**

This Settlement Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior oral or written agreements with respect to the matters provided for herein. This Settlement Agreement shall not be amended, altered, or modified except by an instrument in writing, signed by the Party or Parties against whom enforcement of the amendment, alteration, or modification is sought.

14.   **Binding-Effect**

Unless otherwise provided, this Settlement Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights, and benefits hereof shall be binding upon, and shall inure to the benefit of, the undersigned Parties and their respective predecessors, successors, assigns, heirs, executors, administrators, trustees, attorneys, agents, and representatives.

15.   **Best Efforts of the Parties**

The Parties hereto agree to undertake their best efforts to effectuate the Settlement provided herein. Neither Class Counsel nor SEA shall encourage members of the Class to object to the Court's approval of the Agreement or to opt out of the Class.

16.   **Effective Date**

This Settlement Agreement shall become final upon the "Effective Date," which is the day after the occurrence of all of the following three events: (a) the Settlement

Agreement is executed and delivered by/to all Parties and approved by the Court; (b) entry of the Final Judgment and Order Approving Settlement in the form attached as Exhibit D; and (c) the Final Judgment becomes "Final." "Final" means the occurrence of any of the following: (a) final affirmance on an appeal of the Final Judgment, the expiration of the time for a petition for review of the Final Judgment and, if the petition is granted, final affirmance of the Final Judgment following review pursuant to that grant; or (b) final dismissal of any appeal from the Final Judgment or the final dismissal of any proceeding to review the Final Judgment; or (c) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal from the Court's Final Judgment. If the Final Judgment is set aside, materially modified, vacated or reversed by the Court or by an appellate court, and is not fully reinstated on further appeal, then the Final Judgment does not become "Final" and the Effective Date cannot occur.

17.     **Nullification**

SEA shall have the right to withdraw from the Settlement at any time before it becomes Final if: (a) any court issues an injunction against SEA or its attorneys from proceeding with this Settlement; (b) the judge grants a fee application to Class Counsel that would cause the total award for attorneys' fees and costs to exceed the amount agreed upon by the Parties; or (c) more than 1,000 Class members opt out. Further, if the Court does not grant Preliminary Approval to this Settlement Agreement, or if the Court does not grant Final Approval of all of the material terms and conditions contained in this Settlement Agreement, then this Settlement Agreement shall be null and void, and none of the stipulations or agreements herein shall be admissible for any purpose.

Plaintiffs shall have the right to withdraw from the Settlement at any time before it becomes Final if Confirmatory Discovery does not confirm the fairness, reasonableness and adequacy of the Settlement and/or the representations made by SEA regarding the Capacitor Issue.

18. **Governing Law**

This Settlement Agreement and the interpretation of its terms and provisions shall be governed by the procedural and substantive law of the State of Oklahoma. The District Court of Oklahoma County, State of Oklahoma, shall maintain continuing jurisdiction over this matter in any proceeding to interpret or enforce the terms of this Settlement Agreement.

19. **Time for Compliance**

If the date for performance of any act required by or under this Settlement Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday, or Court holiday, that act may be performed upon the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

20. **Execution in Counterparts**

To facilitate execution, this Settlement Agreement may be executed in several counterparts by one or more of the undersigned Parties and all such counterparts when so executed shall together be deemed to constitute a single agreement, as if one document has been signed by all Parties hereto.

IN WITNESS HEREOF, the undersigned have duly executed this Settlement Agreement, or have caused this Settlement Agreement to be duly executed on their behalf, to be effective as of the date first set forth in this Settlement Agreement.

William B. Federman (OBA #2853)
Jennifer F. Sherrill (OBA #19703)
FEDERMAN & SHERWOOD

Cornelius P. Dukelow
ABINGTON COLE

By: _____
    William B. Federman
    Attorneys for Plaintiffs and
    Class Representatives

Samsung Electronics America, Inc.

By: _____
    Michelangelo Troisi
    Senior Counsel & Director of Litigation
    and Risk Management

EXHIBIT C

# DISTRICT COURT OF OKLAHOMA COUNTY

## STATE OF OKLAHOMA

RYAN RUSSELL AND PHILLIP
BOURNE, Individually and on behalf
of all others similarly situated,

         Plaintiffs,

   vs.

SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
ELECTRONICS CO., LTD.,

       Defendants.

No. CJ-2011-7260

DATED: [ ]

*The District Court of Oklahoma County in the State of Oklahoma authorized this notice. This is not a solicitation from a lawyer.*

**YOU ARE NOT BEING SUED. THIS IS NOT A LAWSUIT AGAINST YOU.**

**YOU MAY BE ENTITLED TO RECEIVE THE BENEFITS OF A CLASS ACTION SETTLEMENT (the "Settlement") IF YOU PURCHASED, ACQUIRED OR OTHERWISE OWNED ANY OF THE FOLLOWING SAMSUNG-BRAND TELEVISIONS MANUFACTURED PRIOR TO DECEMBER 31, 2008 (see TV back panel for "MFD" date): (the "Televisions").**

**LCDs**: LNT******/XAA; LN**A******XZA; LNS4041DX/XAA;
LNS4051DX/XAA; LNS4052DX/XAA; LNS5296DX/XAA
**PDPs**: HPT5034X/XAA; HPT5044X/XAA; HPT5054X/XAA; HPT5064X/XAA;
PN42A410C1DXZA; PN42A450P1DXZA; PN50A410C1DXZA;
PN50A450P1DXZA; PN50A460S4DXZA
**DLPs**: HLT5087SAX/XAA; HLT5087SX/XAA; HLT5089SAX/XAA;
HLT5089SX/XAA; HLT5687SAX/XAA; HLT5687SX/XAA;

1



HLT5689SAX/XAA; HLT5689SX/XAA; HLT6187SAX/XAA;
HLT6187SX/XAA; HLT6189SAX/XAA; HLT6189SX/XAA

This class action lawsuit (the "Lawsuit") alleges a defect that may cause the Televisions to experience symptoms such as not turning on, experiencing a significant delay in turning on, making a clicking sound, cycling on and off, or other similar problems (the "Covered TV Symptom(s)").

If you have experienced a Covered TV Symptom(s), or if you experience a Covered TV Symptom(s) within eighteen months after [the date of this notice], the Settlement of this Lawsuit provides for Samsung Electronics America, Inc. ("SEA"), to offer to you one or more of the following benefits, as applicable (please note that the following is only a summary of the benefits offered under this Settlement and that you must review the entire Notice to determine the conditions under which those benefits become available):

    (1)    a free service visit for qualifying Televisions (*see* section entitled "How Do I Qualify For A Free Evaluation" below) to determine if your Television has a problem covered by the Settlement and, if it does, to fix the problem (the "Settlement Warranty"); or

    (2)    the refund of expenses you incurred, prior to [the date of this notice], to evaluate or diagnose the problem covered by the Settlement; or

    (3)    the refund of expenses you incurred, prior to [the date of this notice], to fix the problem covered by the Settlement; or

    (4)    a $300 fully transferable debit card if you reported to SEA, prior to [the date of this notice], the problem covered by the Settlement, but did not get it fixed, and you now no longer possess your Television.

    (5)    A payment of $50 if, after [the date of this notice], you require more than one repair to fix the problem covered by the Settlement.

**Please read this Notice carefully and in its entirety.**
**Your rights may be affected by the Settlement of this Lawsuit.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **DO NOTHING** | You will be included in the Settlement and receive the Settlement Warranty.  You may request a free service visit and may submit a claim for the other relief provided by the Settlement if applicable to you. |
| **REQUEST A FREE** | If you experience any of the problems covered by the |

2

| | |
|---|---|
| **EVALUATION** | Settlement, you may request a free service visit for your Television to determine whether you are entitled to the Settlement Warranty. |
| **SUBMIT A CLAIM FORM** | This is the only way to obtain a refund of out-of-pocket costs or a fully-transferable debit card. The deadlines and procedures for the submission of these forms are described in this Notice. |
| **EXCLUDE YOURSELF** | You will not receive any of the benefits provided by the Settlement. This is the only option that allows you to be part of any other lawsuit against SEA about the facts and legal claims in this case. Requests for exclusion must be postmarked on or before _____. |
| **BE HEARD OR OBJECT** | Write to the Court about why you like or don't like the Settlement. Statements in support of or objecting to the Settlement must be postmarked on or before _____. |
| **GO TO A HEARING** | Attend a hearing before the Court about the fairness of the Settlement, currently scheduled to occur on _____. |

These rights and options - and the deadlines to exercise them - are explained in this Notice.

The Court in charge of this case still has to decide whether to give final approval to the Settlement. Certain benefits of the Settlement will be provided to the Class Members starting from [the date of this notice], but other benefits of the Settlement will not be provided until the Court approves the Settlement and the Settlement becomes final according to its terms (the "Effective Date").

## BASIC INFORMATION

**1. Why Did I Receive This Notice?** A class action lawsuit was filed against SEA concerning an alleged defect in the Televisions. You received this Notice because you have been identified from SEA's records as a person who may have purchased, acquired or otherwise owned a Television. The Court where this Lawsuit is pending directed that you be sent this Notice because you have a right to know about the proposed Settlement of the Lawsuit, and about your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and the Settlement becomes final, SEA will provide the benefits

3

described below to persons in the Class to settle the claims in the Lawsuit. Certain benefits, however, will be provided to the Class Members as of [the date of this notice]. This Notice explains the Lawsuit, the Settlement and your legal rights. The Court in charge of the case is the District Court Of Oklahoma County in the State of Oklahoma, and the case is known as *Russell, et al. v. Samsung Electronics America, Inc., et al.*, Case No. CJ-2011-7260.

**2. What Is this Lawsuit About?** The First Amended Petition in the Lawsuit asserts that the Televisions contain a certain defect in a component known as a capacitor that may malfunction and fail prematurely (the "Capacitor Issue"). SEA denies any wrongdoing in connection with these claims and the Court has not made any ruling on the factual allegations of the Lawsuit.

**3. Why Is this a Class Action and Why Is it Being Settled?** In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. All of these people are part of the Class (also called Class Members). In a class action, one court resolves the issues raised in a single lawsuit for all Class Members, except for those who exclude themselves from the Class. The Court has not decided in favor of either side in this case, and SEA has denied that it has done anything wrong. Instead, both sides have negotiated and agreed to the Settlement. That way, they avoid the cost and risk of going to trial and the people affected will get compensation. The attorneys for the Class have extensively investigated and researched the issues in the Lawsuit and, together with the Class Representatives, think the Settlement is best for all Class Members.

**4. How Do I Know if I Am Part of the Class?** For purposes of the Settlement only, the Court certified a Class of all end-user consumers in the United States who purchased, acquired or otherwise owned the Televisions (described above). The Class excludes: (a) SEA, its affiliates, and their employees and immediate family members; (b) retailers, wholesalers and other middlemen who purchased a Television for commercial use or resale; (c) any claims aggregator or person or entity who claims to be an assignee of rights associated with any of the Televisions; and (d) persons who timely and validly opt to exclude themselves from the Class.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What Does the Settlement Provide and How Do I Get It?** The full terms of the Settlement are on file with the Court and available for you to review at www.[

4

].com.   This is a summary of what SEA will provide to you, and what you need to do to get your benefits as a result of the Settlement.

## A.   IF YOU HAVE EXPERIENCED A COVERED TV SYMPTOM OR EXPERIENCE A COVERED TV SYMPTOM WITHIN 18 MONTHS OF [THE DATE OF THIS NOTICE]:

(1) Contact SEA at the following toll-free telephone number within eighteen (18) months from [the date of this notice]

Samsung Claims Administration
1-8##-###-####

(2) An SEA representative will assist you over the phone in diagnosing the problem with your Television.

(3)  If the SEA representative determines that your Television qualifies for a free service visit, such free service visit will be set up for an SEA authorized service personnel to inspect and diagnose your Television on location.

(a)  If, during the free service visit, the SEA authorized service personnel determines there is a Capacitor Issue covered by the Settlement, then SEA will fix your Television by replacing the subject capacitors (but not other unrelated problems), and warrant that fix for the greater of one (1) year or the remainder of the eighteen (18) month period following [the date of this notice].  If the SEA authorized service personnel determines that the power supply board of your Television needs to be replaced, the warranty will cover the replacement of the power supply board too.  If, after Class Notice and during the Settlement Warranty Period, your Television requires more than one repair for a Capacitor Issue covered by the Settlement, you will receive an additional one-time fifty dollar ($50.00) payment.

(b)  If, during the free service visit, the SEA authorized service personnel cannot verify a Capacitor Issue covered by the Settlement, SEA will nonetheless replace the subject capacitors at no cost to you.  If that does not fix your Television, you will be afforded the opportunity (but not the obligation) to pay the authorized service personnel to attempt to fix your Television at your expense.

5

**B.    IF YOU OWN A TELEVISION AND INCURRED OUT-OF-POCKET EXPENSES PRIOR TO [THE DATE OF THIS NOTICE] TO EVALUATE OR ATTEMPT TO DIAGNOSE YOUR TELEVISION AND YOU ARE STILL EXPERIENCING A COVERED TV SYMPTOM WITHIN THE SETTLEMENT WARRANTY PERIOD:**

(1)  SEA will provide the Settlement Warranty as set forth above; and

(2)  If you paid a television repair person to evaluate or attempt to diagnose a problem with your Television prior to [the date of this notice], then SEA shall reimburse you up to one hundred fifty dollars ($150) for such expense upon submission of a valid proof of claim, as described below.

**HOW CAN I GET REIMBURSEMENT FOR A PRIOR EVALUATION OR DIAGNOSIS?**  To get reimbursement for prior expenses, you must submit to the claims administration, within one (1) year of [the date of this notice], reasonable proof that your Television had a Covered TV Symptom prior to [the date of this notice] (such as a receipt, bill, cancelled check or credit card charge, correspondence, verification from repair provider).

If you submit your proof:

(1)  **before** the Effective Date occurs, you will receive your reimbursement within ninety (90) days of the Effective Date.

(2)  **after** the Effective Date occurs, you will receive your reimbursement within ninety (90) days after SEA receives such proof.

**C.    IF YOU OWN A TELEVISION AND INCURRED OUT-OF-POCKET EXPENSES PRIOR TO [THE DATE OF THIS NOTICE] TO HAVE A CAPACITOR ISSUE REPAIRED:**

SEA will pay the out-of-pocket cost of any repair of a Capacitor Issue paid by you, prior to [the date of this notice], up to a maximum of one hundred fifty dollars ($150) per Television.  However, if the repair included replacing a power supply board, the maximum reimbursement shall be up to three hundred dollars ($300) per Television;   SEA will also reimburse to you the out-of-pocket costs

6

paid by you, prior to [the date of this notice], to ship your Television for a repair of a Capacitor Issue, up to a maximum of one hundred fifty dollars ($150).

**HOW CAN I GET REIMBURSEMENT FOR A PRIOR REPAIR?** To get reimbursement for repair expenses paid prior to [the date of this notice], you must submit a valid "proof of claim" within one (1) year of [the date of this notice]. To submit a valid proof of claim, you must send the claims administrator: (1) a completed proof of claim form, in the form attached to this Notice, including your name, address, the model number, serial number and version number of your Television, a written description of the problem experienced with the Television and the approximate date the problem occurred, and a written promise that you personally paid the charge for which you are seeking reimbursement and that this charge has not already been reimbursed by SEA; and (2) a legible copy of reasonable proof that your Television had a Capacitor Issue prior to [the date of this notice] (such as a receipt, bill, cancelled check or credit card charge, correspondence, verification from repair provider).

If you submit your proof of claim:

> (1) **before** the Effective Date occurs, you will receive your reimbursement within ninety (90) days of the Effective Date.

> (2) **after** the Effective Date occurs, you will receive your reimbursement within ninety (90) days after SEA receives such proof.

**HOW CAN I GET REIMBURSEMENT FOR PRIOR SHIPPING COSTS?** To get reimbursement for shipping costs paid prior to [the date of this notice], you must submit a valid "proof of claim" within one (1) year of [the date of this notice]. To submit a valid proof of claim, you must send the claims administrator: (1) a completed proof of claim form, in the form attached to this Notice, including your name, address, the model number, serial number and version number of your Television, a written description of the problem experienced with the Television and the approximate date the problem occurred, and a written promise that you personally paid the charge for which you are seeking reimbursement and that this charge has not already been reimbursed by SEA; and (2) a legible copy of reasonable proof that your Television had a Capacitor Issue and you incurred the shipping costs prior to [the date of this notice] (such as a receipt, bill, cancelled check or credit card charge, correspondence, verification from repair provider).

If you submit your proof of claim:

    (1) **before** the Effective Date occurs, you will receive your reimbursement within ninety (90) days of the Effective Date.

    (2) **after** the Effective Date occurs, you will receive your reimbursement within ninety (90) days after SEA receives such proof.

    **D.    IF YOU NO LONGER POSSESS THE TELEVISION AS OF [THE DATE OF THIS NOTICE]:**

    SEA will provide you with a three hundred dollar ($300) fully-transferable debit card if: (1) you provide reasonable documentation that you made a complaint, prior to [the date of this notice], to SEA, or an Authorized SEA Service Center, about a Covered TV Symptom (or SEA can verify such complaint from its records) and (2) you provide reasonable documentation that you purchased a Television (or SEA can verify such purchase from its records).

    **HOW CAN I GET A DEBIT CARD?**  To get a debit card, you must submit a valid "proof of claim" within ninety (90) days of [the date of this notice]. To submit a valid proof of claim, you must send the claims administrator: (1) reasonable documentation that you made a complaint, prior to [the date of this notice], to SEA, or an Authorized SEA Service Center, about a Covered TV Symptom; (2) reasonable documentation that you purchased a Television; and (3) a completed proof of claim form, in the form attached to this Notice, including your name, address, the date on which the Television was discarded, to whom it was discarded and whether you replaced it with another Television.

If you submit your proof of claim:

    (1) **before** the Effective Date occurs, you will receive your reimbursement within ninety (90) days of the Effective Date.

    (2) **after** the Effective Date occurs, you will receive your reimbursement within ninety (90) days after SEA receives such proof.

    **E.    Dispute Resolution.**  If you have any disputes with the Claims Administrator about your claim, you can send the claims administrator a notice of your dispute within thirty (30) days from the date of rejection, along with any

supporting documentation. You can request a review of the dispute by the Court. You can also choose to submit the dispute, or any other dispute regarding the terms of the Settlement Agreement, to the Alternative Dispute Resolution Unit of the Division of Consumer Affairs of the State of New Jersey, Office of the Attorney General. Any dispute resolution process will be at no cost to you and you will not be required to travel.

**F.     Release of SEA.** You are a member of the Class unless you elect to be excluded (as described below). If you do not request to be excluded from the Class and if the Settlement is approved by the Court, you will be entitled to the benefits described above, you will be bound by the final judgment in the Lawsuit, and you will also be releasing and discharging Samsung Electronics America, Inc., and its employees, affiliates, parents, subsidiaries, predecessors, successors, assigns and authorized Samsung television distributors and retailers, with respect to any and all claims, demands, damages, debts, liabilities, accounts, costs, attorneys' fees, expenses, liens, actions, causes of action, suits, and losses of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which you now have, own or hold, or at any time before ever had, owned or held, or could, shall or may hereafter have, own or hold, arising or which could be claimed to arise out of or in connection with, or related in any way to the Capacitor Issue described in this Lawsuit, including, but not limited to, the allegations in the First Amended Petition filed in the Lawsuit, including, but not limited to, claims based on any contract, fraud, agreement, common law rule, or state or federal statute, but excluding any claims for personal injury or property damage. You will not be allowed to start or participate in any lawsuit asserting claims about the Capacitor Issue alleged in this Lawsuit.

## THE CLASS REPRESENTATIVES SUING ON YOUR BEHALF

As an award for the work performed on your behalf by each of the Class Representatives in this case, SEA has agreed to provide each such Class Representative with their choice of either: (i) a new SEA television of the same or comparable model presently owned by such Class Representative; or (ii) $750 for the time and expense involved in this matter.

## THE LAWYERS REPRESENTING YOU

**6. Do I Have a Lawyer in this Lawsuit?** The Court appointed the law firm of Federman & Sherwood to represent you and the other Class Members. These

lawyers are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense, but it is not necessary.

**7. How Will the Lawyers be Paid?** Class Counsel will ask the Court for payment of attorneys' fees and expenses of $475,000.00 relating to the representation of the Class in the prosecution of this Lawsuit. SEA has agreed to pay fees and expenses up to this amount. These payments will not reduce the benefits made available to the Class under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want the right to receive the benefits from this Settlement but instead want to keep the right to sue (or continue to sue) SEA on your own, about the facts and legal issues in this Lawsuit, then you must take steps to get out of this Lawsuit and Settlement. This is called excluding yourself or is sometimes referred to as "opting out" of the Class.

**8. How Do I Get Out of the Settlement?** To exclude yourself from the Class you must mail a written request to the Settlement Administrator at the address listed below. The request for exclusion must state: (a) your full name and address; (b) the model number, serial number and version number of your Television (located on the back and/or at the right side of the Television); (c) the name of the Lawsuit, *Russell, et al v. Samsung Electronics America, Inc.*; and (d) a statement that you wish to be excluded from the Settlement Class. You must mail your exclusion request postmarked no later than _____ 2012, to:

[ADMINISTRATOR
ADDRESS ]

If you ask to be excluded, you will not get the benefits that SEA is making available in the Settlement. Also, if you ask to be excluded you cannot object to the Settlement, will not be legally bound by anything that happens in this Lawsuit, and you may be able to sue (or continue to sue) SEA for the same facts and legal issues alleged in this Lawsuit in the future. If you have a pending lawsuit against SEA, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, any request for exclusion must be postmarked no later than ___, 2012.

10

## THE RIGHT TO BE HEARD OR OBJECT

You can also tell the Court how you feel about the Settlement.

**9. How Can I Tell the Court if I Like or Object to the Settlement?**  If you remain in the Class and wish to support or object to the Settlement or fee request, you may do so by mailing to the Clerk of the Court, as well as Class Counsel and Counsel for SEA, a written statement describing the specific reasons for your support or objection, together with any evidence or legal authority you believe supports your position.  The statement must also contain the name of the action (*Russell, et al. v. Samsung Electronics America, Inc.*, the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2011-7260), your name, address, and the model number, serial number and version number of your Television (located on the back and/or at the right side of the Television) or, if you are no longer in possession of your Television, a receipt showing proof of purchase and the model number of your Television.  Your statement of support or objection must be postmarked on or before _____ , 2012 and sent to:

Clerk of the Court
District Court of Oklahoma County
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102-3604

William B. Federman
Federman & Sherwood
10205 N. Pennsyvania Avenue
Oklahoma City, Oklahoma 73120
*Counsel for Plaintiffs*

Robert A. Assuncao
Ansa Assuncao, LLP
2 Tower Center Boulevard, Suite 1600
East Brunswick, New Jersey 08816
*Counsel for Samsung Electronics America, Inc.*

**10. What's the Difference Between Objecting and Excluding?**  Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class or have anything to do with the Lawsuit or

11

Settlement.  If you exclude yourself, you have no basis to object because the Lawsuit no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a final fairness hearing to decide whether to approve the Settlement (the "Fairness Hearing" or "Hearing").

**11. When and Where Will the Fairness Hearing Take Place?** The Court will hold the Fairness Hearing at ____ .m. on [ ], 2012, at the District Court of Oklahoma County, 320 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102-3604, Courtroom ____.  At this Hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may also decide how much to pay Class Counsel.  After the Hearing, the Court will decide whether to give final approval to the Settlement. We do not know how long these decisions will take.  The Court reserves the right to reschedule the Hearing without further notice to the Class.

**12. Do I Have to Come to the Hearing?**  No, you do not need to come to the Hearing. Class Counsel will answer questions the Court may have.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time the Court will consider it.  You may, however, come to the Hearing at your own expense. You may also pay your own lawyer to attend, but it is not necessary.

**13. May I Ask to Speak at the Hearing?**  If you sent a written statement of support or objection, as described above, you may also ask to speak at the Hearing, either by yourself or through a lawyer at your own expense.  If you or your lawyer intend to appear at the Hearing, you or your lawyer must send a Notice of Appearance together with any other written materials to be presented to the Court, to: (a) the Clerk of the Court; (b) Class Counsel; and (c) Counsel for SEA, at the three addresses listed above.  These materials must be postmarked on or before  [ ], 2012.  Remember, you cannot speak at the Hearing if you exclude yourself.

## IF YOU DO NOTHING

If you do nothing you will be part of this Settlement and entitled to the full benefits it provides as applicable to you.  You will also be bound by the release of legal claims described above.

## GETTING MORE INFORMATION

This Notice is only intended to provide a summary of the Settlement. You may obtain the complete text of the Settlement at www.[    ].com, by writing to the Settlement Administrator (at the address listed below), or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the District Court of Oklahoma County, 320 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102-3604 under Case No. CJ-2011-7260.

**CERTAIN BENEFITS, SPECIFICALLY, THE SETTLEMENT WARRANTY, WILL BE PROVIDED TO THE CLASS MEMBERS AS OF [THE DATE OF THIS NOTICE], BUT THE FULL BENEFITS, CHECKS AND FEES DESCRIBED ABOVE WILL BE MADE AVAILABLE AND DISTRIBUTED ONLY IF THE COURT GIVES FINAL APPROVAL TO THE SETTLEMENT AND THE SETTLEMENT BECOMES FINAL ACCORDING TO ITS TERMS. FOR CURRENT INFORMATION ON WHEN THE SETTLEMENT WILL BE FINAL ACCORDING TO ITS TERMS GO TO WWW.[ ].COM OR CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE.**

**ANY QUESTIONS YOU MAY HAVE REGARDING THIS NOTICE, THE LAWSUIT, OR THE SETTLEMENT SHOULD BE DIRECTED IN WRITING TO CLASS COUNSEL AT THE ADDRESS LISTED ABOVE.**

**PLEASE DO NOT CONTACT THE COURT WITH ANY QUESTIONS.**

DATED: [   ], 2012

By Order of the District Court of Oklahoma County,

EXHIBIT B

## SUMMARY CLASS NOTICE
THIS NOTICE ADVISES YOU OF A PROPOSED CLASS ACTION SETTLEMENT WITH
SAMSUNG ELECTRONICS AMERICA, INC.  THIS NOTICE MAY AFFECT YOUR
LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.

This summary notice informs you about the settlement of *Russell, et al. v. Samsung Electronics America, Inc.*, in the District Court of Oklahoma County, Case No. CJ-2011-7260.  **YOU MAY BE ENTITLED TO RECEIVE THE BENEFITS OF A CLASS ACTION SETTLEMENT (the "Settlement") IF YOU PURCHASED, ACQUIRED OR OTHERWISE OWNED ANY OF THE FOLLOWING SAMSUNG-BRAND TELEVISIONS MANUFACTURED PRIOR TO DECEMBER 31, 2008 (see TV back panel for "MFD." date): (the "Televisions").**

**LCDs**: LNT\*\*\*\*\*\*/XAA; LN\*\*A\*\*\*\*\*\*XZA; LNS4041DX/XAA; LNS4051DX/XAA; LNS4052DX/XAA; LNS5296DX/XAA
**PDPs**: HPT5034X/XAA; HPT5044X/XAA; HPT5054X/XAA; HPT5064X/XAA; PN42A410C1DXZA; PN42A450P1DXZA; PN50A410C1DXZA; PN50A450P1DXZA; PN50A460S4DXZA
**DLPs**: HLT5087SAX/XAA; HLT5087SX/XAA; HLT5089SAX/XAA; HLT5089SX/XAA; HLT5687SAX/XAA; HLT5687SX/XAA; HLT5689SAX/XAA; HLT5689SX/XAA; HLT6187SAX/XAA; HLT6187SX/XAA; HLT6189SAX/XAA; HLT6189SX/XAA

This class action lawsuit (the "Lawsuit") alleges a defect that may cause the Televisions to experience symptoms such as not turning on, experiencing a significant delay in turning on, making a clicking sound, cycling on and off, or other similar problems (the "Covered TV Symptom(s)").

If you have experienced a Covered TV Symptom(s), or if you experience a Covered TV Symptom(s) within eighteen months after [the date of this notice], the Settlement of this Lawsuit provides for Samsung Electronics America, Inc., to offer to you one or more of the following benefits, as applicable, subject to certain specified conditions:
    (1)    a free service visit for qualifying Televisions to determine if your Television has a problem covered by the Settlement and, if it does, to fix the problem; or
    (2)    the refund of expenses you incurred, prior to [the date of this notice], to evaluate or diagnose the problem covered by the Settlement up to $150; or
    (3)    the refund of expenses you incurred, prior to [the date of this notice], to fix the problem covered by the Settlement up to $150; or
    (4)    the refund of shipping expenses, including insurance costs, you incurred, prior to [the date of this notice], to fix the problem covered by the Settlement, up to $150, or
    (5)    a $300 fully transferable debit card if you reported to SEA, prior to [the date of this notice], the problem covered by the Settlement, but did not get it fixed, and you now no longer possess your Television.
    (6)    In addition, a payment of $50 if, after [the date of this notice], you require more than one repair to fix the problem covered by the Settlement

This is only a summary of the benefits offered under this Settlement.  For additional information regarding this Settlement, the full Notice is available at www.[ ].com or you can contact Class



Counsel:  William B. Federman of Federman & Sherwood, 10205 N. Pennsyvania Avenue, Oklahoma City, Oklahoma 73120.  Telephone:  (405) 235-1560

You must review the full Notice to determine the conditions under which those benefits become available.

You may obtain a Proof of Claim Form online at www.[ ].com.  To exclude yourself from this Settlement, or to object to the Settlement, you must follow the instructions in the full Notice described above.  The deadline to opt out of the Settlement or submit any objection is [ ].  The Court will hold a final fairness hearing to decide whether to approve the proposed settlement at _____ .m. on [ ], 2012, at the District Court of Oklahoma County, [ADDRESS], in Courtroom _____.